Valentino T. Sammarco, Esq. Attorney, Fair View Fire District
The New York State Department of Audit and Control has transferred to us your April 20, 1983 letter so that we may answer your first question, which relates to compatibility of office. You ask whether a volunteer fire chief of a fire department of a fire district may also be employed on a part-time basis by the district as "clerk of the works". The clerk of the works has responsibility for the administration of the sole fire company in the fire district, specifically including the purchasing of items and the keeping of inventories.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
The fire chief in a fire district, under the direction of the board of fire commissioners, has exclusive control of the members of the fire department at all fires, inspections, reviews and other occasions when the department is on duty or parade; he also is responsible for supervising the engines, fire trucks, pumpers, hose wagons and other equipment and property used in the prevention or extinguishment of fires; and has supervision of all officers and employees of the fire department (Town Law, § 176-a[1]). The chief is responsible for ensuring that the rules and regulations of the board of fire commissioners are observed and that the orders of the commissioners are duly executed (ibid.). He has the authority to require that the members, officers and employees of the fire department account for neglect of duty and he may suspend a person for improper conduct pending action by the board of fire commissioners (ibid.).
You have described the clerk of the works as a paid employee of the fire district, with responsibility for administration, including purchasing and keeping of inventories. He is employed by the fire commissioners. Since the fire chief is responsible, under the direction of the fire commissioners, for supervising the employees of a fire district and has supervision of fire department equipment, we believe there is an inherent incompatibility in one person holding these two positions. The fire chief would be responsible for supervising the clerk of the works in accordance with the rules and regulations and other directives of the board of fire commissioners. Therefore, one position is subordinate to the other, creating an incompatibility if both are held by one person.
We conclude that a person may not hold simultaneously the two positions of fire chief and clerk of the works in a fire district.